IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARMAINE JEROME JACKSON,

      Plaintiff,

      v.

CITY OF PORTLAND; PORTLAND
POLICE BUREAU; CHERREL WADDELL;
NICHOLAS ALLENBAUGH; DAVID
RANDLE; T. CARSON; L. PAVON; and
ANGELA CROUCHLY,

      Defendants.

Case No. 3:26-cv-00493-AB

ORDER

**BAGGIO, District Judge:**

Plaintiff Charmaine Jerome Jackson brings this case claiming that Defendants unlawfully seized her vehicle and other belongings in violation of her Fourth Amendment rights.[1] Compl. 3–4, ECF No. 2. On March 13, 2026, Plaintiff moved *ex parte* for a temporary restraining order

---

[1] All citations to the record refer to the PDF page number in the CM/ECF filing.

1 – ORDER

("TRO") in which she asks this Court to: (1) order Defendants to immediately return Plaintiff's

"vehicle, documentary equipment, business records, identification, and financial instruments[;]"

(2) enjoin Defendants "from further contacting, seizing, or harassing Plaintiff or her property

outside of lawful court proceedings[;]" and (3) "expedited discovery of all bodycam, dashcam,

reports, and evidence referenced in the related state criminal case (Multnomah County Case No.

26CR13229)." Pl.'s Mot. TRO ("Pl.'s Mot.") 1–2, ECF No. 3. For the reasons below, the Court

denies Plaintiff's motion.

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining

orders. Fed. R. Civ. P. 65(b). The purpose of a temporary restraining order is to preserve the

status quo before a preliminary injunction hearing may be held. *See W. Watersheds Project v.

Bernhardt*, 391 F. Supp. 3d 1002, 1008–09 (D. Or. 2019). In deciding whether to grant a motion

for a TRO, courts look to substantially the same factors that apply to a court's decision on

whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*,

240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking a preliminary injunction must show

that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in

the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an

injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Court finds that Plaintiff fails to show a likelihood of success on the merits of her

claim because she challenges conduct related to a pending criminal proceeding in Multnomah

County Circuit Court. *See* Pl.'s Mot. 1–2 (Plaintiff referencing "Multnomah County Case No.

26CR13229"). "[A]bsent extraordinary circumstances, a federal court may not interfere with

a pending state criminal prosecution . . . ." *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657

F.3d 876, 882 (9th Cir. 2011) (citing *Younger v. Harris*, 401 U.S. 37, 54 (1971)). However, state

2 – ORDER

criminal practices can be challenged in federal court if the relief requested is of a kind that cannot be raised in defense of the criminal prosecution. *See Gerstein v. Pugh*, 420 U.S. 103, 108 n.9 (1975) (finding that "the legality of pretrial detention without a judicial hearing [was] an issue that could not be raised in defense of the criminal prosecution" and thus was "not barred by the equitable restrictions on federal intervention in state prosecutions"). "[T]he burden on this point rests on the federal plaintiff to show 'that state procedural law barred presentation of [its] claims.'" *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (quoting *Moore v. Sims,* 442 U.S. 415, 432 (1979)).

Here, Plaintiff has not shown an inability to seek her desired relief in her underlying state criminal case. With respect to Plaintiff's request for return of her property, district courts in this circuit have found that *Younger* applies to such requested relief. *See Tye v. Cnty. of Los Angeles*, No. 817CV01831RGKKES, 2018 WL 5919216, at *1, 4–5 (C.D. Cal. Oct. 3, 2018) (holding that *Younger* applied in an action in which the plaintiff sought the return of property related to an ongoing criminal proceeding in state court), *report and recommendation adopted*, No. 817CV01831RGKKES, 2018 WL 5920779 (C.D. Cal. Nov. 13, 2018), *aff'd*, 785 F. App'x 479 (9th Cir. 2019). For these reasons, and because Plaintiff does not show that other extraordinary circumstances are present here, the Court abstains from interfering with ongoing state proceedings and denies Plaintiff's motion.

///

///

///

///

///

3 – ORDER

**CONCLUSION**

Because Plaintiff has not established a likelihood of success on the merits, the Court

DENIES Plaintiff Charmaine Jerome Jackson's Motion for Temporary Restraining Order [3].


IT IS SO ORDERED.

DATED this 16th day of March, 2026.




_Amy M. Baggio_
_____
AMY M. BAGGIO
United States District Judge

4 – ORDER