IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARMAINE JEROME JACKSON,

        Plaintiff,

    v.

THE CITY OF PORTLAND; PORTLAND
POLICE BUREAU; CHERREL WADDEL;
NICHOLAS ALLENBAUGH; DAVID
RANDLE; and T. CARSON,

        Defendants.

Case No. 3:26-cv-00493-AB

ORDER

**BAGGIO, District Judge:**

Plaintiff Charmaine Jerome Jackson brings this case claiming that Defendants unlawfully seized her vehicle and other belongings in violation of her Fourth Amendment rights.[1] Compl. 3–4, ECF No. 2. On March 30, 2026, Plaintiff filed a "Renewed Motion for Temporary Restraining

---

[1] All citations to the record refer to the PDF page number in the CM/ECF filing.

1 – ORDER

Order and Preliminary Injunction" in which she asks the Court to order (1) "the immediate return of all Plaintiff's seized property[,]" (2) the preservation of "all evidence related to the unlawful arrest and seizure[,]" (3) declaratory relief providing that "that any and all evidence seized . . . is fruit of the poisonous tree" and (4) the prohibition of "further harassment or interference by [Defendants Waddell and Portland Police Bureau]." Pl.'s Renewed Mot. TRO ("Pl.'s Mot.") 1, ECF No. 7. For the reasons below, the Court denies Plaintiff's Motion.

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders. Fed. R. Civ. P. 65(b). The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held. *See W. Watersheds Project v. Bernhardt*, 391 F. Supp. 3d 1002, 1008–09 (D. Or. 2019). In deciding whether to grant a motion for a TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking a preliminary injunction must show that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Court originally found that Plaintiff failed to show a likelihood of success on the merits of her claim because—at the time—the challenged conduct related to a pending criminal proceeding in Multnomah County Circuit Court. *See* Order 2, ECF No. 5. *See Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 882 (9th Cir. 2011) ("[A]bsent extraordinary circumstances, a federal court may not interfere with a pending state criminal prosecution. . . ." (citing *Younger v. Harris*, 401 U.S. 37, 54 (1971))).

2 – ORDER

Plaintiff now argues that the claims against her have been dismissed. Pl.'s Mot. 1. But the Court notes that Plaintiff filed a motion in the underlying criminal case "[to] suppress [and] return property" along with other emergency relief. *Id.* at 5. It is unclear from Plaintiff's briefing whether this motion is still pending. As such, while the Court observes that the charges against Plaintiff have been dismissed, the Court declines to intervene in what may still be a pending motion in the underlying state case. *See Does 1 v. United States*, No. 221CV03254RGKMAR, 2021 WL 3206807, at *4 (C.D. Cal. Apr. 22, 2021) (finding that "[the plaintiffs] will not suffer irreparable harm if their requested TRO does not issue" if "[the plaintiffs] have another avenue to seek return of their property").

The Court also notes that Plaintiff argues that "Deputy DA Lamb directed Plaintiff to contact Property and Evidence . . . but no return has occurred." Pl.'s Mot. 2. The Court does not find that Plaintiff has sufficiently shown her inability to obtain her property from Defendants through the means described in her Motion. On these grounds, the Court finds that Plaintiff has failed to show a likelihood of success on the merits and a likelihood of irreparable harm absent issuance of a TRO in this case.

### CONCLUSION

The Court DENIES Plaintiff Charmaine Jerome Jackson's Renewed Motion for Temporary Restraining Order [7].

IT IS SO ORDERED.

DATED this 30th day of March, 2026.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

3 – ORDER